IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE**, IDOC # B31317, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-181-GPM |
| | ) |
| **REBECCA ADAMS, et al.,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Donnie D. White is a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated at in the closed maximum security prison at the Tamms Correctional Center ("Tamms C-Max"). White brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. At this time White's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of White's pro se complaint in this case, on June 5, 2011, Defendant Yolande D. Johnson, at the time the warden of Tamms C-Max, approached White's cell and told White that, unless he withdrew, and stopped filing, lawsuits against her and her staff, he, White, would remain on elevated security status at Tamms C-Max until he was transferred out of Tamms C-Max approximately one month before his projected parole date in 2013. White alleges also that, on June 14, 2011, while distributing reading material to prisoners in White's pod at Tamms C-Max, Defendant Rebecca Adams, a librarian associate at Tamms C-Max, refused to give any reading matter to White, saying that he was "burnt up" due to filing lawsuits against the prison library and calling White a "nigger." Doc. 1 at 3. Finally, White alleges that, on June 14, 2011, Defendant Geneva Elaine Bonifield, a correctional educational facility administrator at Tamms C-Max, warned White that, unless he stopped filing lawsuits against the library staff at Tamms C-Max, she would make future legal filings by White "complicated and incorrect." *Id*.

White asserts that the alleged actions of Johnson, Adams, and Bonifield constitute retaliation against him for the exercise of his constitutional right to file grievances and lawsuits complaining of the conditions of his confinement, in violation of the First Amendment. White alleges also that Adams's supposed refusal to give him reading material on June 14, 2011, while giving reading material to other prisoners in White's pod, constitutes a violation of White's right to equal protection of the laws under the Fourteenth Amendment.

In general, a prisoner has a First Amendment right to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for state officials to retaliate against a prisoner for exercising this right. *See Babcock v. White*, 102 F.3d 267, 274-75 (7th Cir. 1996); *Antoine v. Walker*, Civil No. 07-453-GPM, 2011 WL 828935, at *2 (S.D. Ill. Mar. 3, 2011). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's imprisonment; second, that but for the protected conduct a defendant would not have taken an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009). In the past, controlling authority in this Circuit did not require but-for causation in a case involving alleged retaliation for the exercise of First Amendment rights. *See, e.g., Hasan v. United States Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)) ("[A] plaintiff who complains that he was retaliated against for exercising his right of free speech need not prove that, had it not been for that exercise, the adverse . . . action that he is charging as retaliation would not have occurred. All he need prove

is that his speech was a 'motivating factor' in the [defendant's] decision to take the adverse action."). However, the Supreme Court of the United States clarified recently that, unless a federal statute provides otherwise, a plaintiff bears the burden of demonstrating but-for causation in suits brought under federal law. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (to prevail in an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that [an unlawful motive] was the 'but-for' cause of the challenged . . . decision."); *Waters v. City of Chicago*, 580 F.3d 575, 584 (7th Cir. 2009) ("[T]he decisions which say that a plaintiff need only prove that his speech was a motivating factor in the defendant's decision [to retaliate] do not survive *Gross*[.]").

Turning then to the merits of White's retaliation claims, with respect to Johnson, the fact that White remains on elevated security status at Tamms C-Max even though Johnson is no longer the warden of Tamms C-Max defeats any inference that supposed retaliatory animus on the part of Johnson against White was the but-for cause of White's continued placement on elevated security status at the prison. As to White's retaliation claims against Adams and Bonifield, a court may deny a prisoner leave to proceed if the allegedly retaliatory act is not one that could be said to have had the effect of deterring a prisoner "of ordinary firmness' from engaging in similar activity. *Pieczynski v. Duffy*, 875 F.2d 1331, 1333 (7th Cir. 1989) (harassment of an employee for political beliefs is actionable "unless the harassment is so trivial that a person of ordinary firmness would not be deterred from holding or expressing those beliefs"). In *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982), the court cautioned against entertaining retaliation claims over which "a certain air of the ridiculous hangs," and said, "It would trivialize the First Amendment to hold that harassment

for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise[.]" *Id*. at 625. *See also Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (to be cognizable as retaliation, an adverse action by prison officials must be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights") (brackets omitted); *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (for purposes of a retaliation claim, the requisite "adverse action" by prison officials is one that would deter a person of ordinary firmness from the exercise of constitutional rights). Said differently, retaliation against a prisoner requires a showing of an injury that is "more than *de minimis*" to be actionable. *Davidson v. Chestnut*, 193 F.3d 144, 150 (2d Cir. 1999). *See also Morris v. Powell*, 449 F.3d 682, 683-87 (5th Cir. 2006) (holding that the actions of prison officials in transferring a prisoner to a less desirable job within a prison did not rise to the level of actionable retaliation); *American Civil Liberties Union of Md., Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785-86 (4th Cir. 1993) (a decision by prison officials to discontinue contact visits with prisoners by a paralegal, "whether or not it was done in response to filing of a lawsuit" and even though it imposed "inconvenience[ ]" on the paralegal and prisoners, was "not sufficiently adverse . . . to constitute retaliation"). In this case, assuming that in fact that Adams denied White reading matter on June 14, 2011, and Bonifield threatened to make White's ability to file papers in court more difficult, these actions, even if retaliatory, obviously are de minimis and would not deter any person of ordinary firmness from engaging in protected conduct.[1]

---

1. As to the fact that Adams supposedly called White a "nigger," a prison official's use of racial epithets in addressing a prisoner, though unfortunate, generally does not rise to the level of a constitutional violation. *See Vela v. Davis*, Civil No. 11-710-GPM. 2012 WL 293480, at *3 (S.D. Ill. Jan. 31, 2012) (collecting cases); *Hall v. Ryan*, Civil No. 04-108-GPM, 2006 WL 2927585, at **3-4 (S.D. Ill. Oct. 12, 2006).

The Court turns at last to White's claim that Adams violated his Fourteenth Amendment equal protection rights on June 14, 2011, by giving reading matter to other prisoners in White's pod at Tamms C-Max but refusing to give White any reading matter. The Fourteenth Amendment provides, in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The right of equal protection "has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers. The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). Thus, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that state officials had purposefully and intentionally discriminated against him." *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987) (quotation omitted). "Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Nabozny v. Podlesny*, 92 F.3d 446, 454 (7th Cir. 1987). By contrast, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause," and "[a]t most [such incidents] demonstrate[ ] 'a mere inconsistency in prison management [which] may not in itself constitute a cognizable equal protection claim." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (quoting *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)). Here White alleges at most an arbitrary or erroneous exercise of official power, not invidious discrimination against a class of people. Therefore, White's equal protection claim fails.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that the complaint in this case is frivolous, and therefore this action is **DISMISSED with prejudice**. White is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  March 16, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge